IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| RICHARD MAHANEY and SUZI MAHANEY, | § § § § | |
| Plaintiffs | § § | |
| vs. | § § | NO. 5:15-cv-02710 _____ |
| UNITED STATES OF AMERICA, | § § § § | |
| Defendant | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Richard and Suzi Mahaney bring this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiffs complain of the United States of America and would respectfully show the following:

### I. PARTIES

**1.1.** This is a medical malpractice case.

**1.2.** Plaintiffs Richard and Suzi Mahaney reside in Bossier, Louisiana, within the jurisdiction of this Court.

**1.3.** Richard Mahaney is an honorably discharged veteran of the United States Air Force.

**1.4.** The Defendant is the United States of America, its officers, agents, employees, and representatives.

## II. JURISDICTION, SERVICE & VENUE

2.1.    This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–80, commonly known as the Federal Tort Claims Act, which vests exclusive subject-matter jurisdiction of the Federal Tort Claims Act in Federal District Court.

2.2.    The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Stephanie A. Finley, United States Attorney for the Western District of Louisiana, by certified mail, return receipt requested at her office:

>   Stephanie Finley
>   United States Courthouse
>   United States Attorney's Office
>   Western District of Louisiana
>   300 Fannin Street, Suite 3201
>   Shreveport, LA 71101

and by serving a copy of the Summons and Complaint on Loretta Lynch, Attorney General of the United States, by certified mail, return receipt requested at:

>   Loretta Lynch
>   The Attorney General's Office
>   ATTN: Civil Process Clerk
>   U.S. Department of Justice
>   950 Pennsylvania Avenue, NW
>   Washington, DC 20530-0001

2.3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States is a Defendant, the Plaintiffs reside in this district and have their domicile in this district, and no real property is involved in the action.

## III. LIABILITY OF THE UNITED STATES

3.1.     This case is commenced and prosecuted against the United States of America in compliance with Title 28 U.S.C. §§ 2671–80, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674, because the personal injuries and resulting damages of which the Complaint is made were proximately caused by the negligence, wrongful acts, and/or omissions of employees and/or agents of the United States of America working at Overton Brooks VA Medical Center in Shreveport, Louisiana, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

3.2.     The substantive law of the State of Louisiana applies to this lawsuit.

3.3.     The Department of Veterans Affairs is an agency of the United States of America.

3.4.     The Defendant United States of America, through its agency, the Department of Veterans Affairs, at all material times owned, operated, and controlled Overton Brooks VA Medical Center in Shreveport, Louisiana and staffed its facilities with its agents, servants, and employees.

3.5.     At all material times, all persons involved in the medical and health care services provided to Plaintiff Richard Mahaney at Overton Brooks VA Medical Center in Shreveport, Louisiana were agents, servants, and/or employees of the United States Department of Veterans Affairs, the United States of America, or some agency thereof, and were at all material times acting within the course and scope of such employment, including, but not limited to, Justin Haydel, M.D.

## IV. JURISDICTIONAL PREREQUISITES

**4.1.** Plaintiffs plead pursuant to 28 U.S.C. §§ 2672 and 2675(a) that the claims set forth herein have met all jurisdictional prerequisites, including timely administrative presentment. The claims set forth in this complaint were mailed to regional counsel for the VA on December 14, 2012. Receipt of the claim was acknowledged by the agency on December 19, 2012. On July 30, 2015, the Department of Veterans Affairs issued a written final denial of the claims in this lawsuit. This lawsuit was filed in the Western District of Louisiana within six months after the date of mailing of the final denial notice. Accordingly, all claims have been denied and Plaintiffs have complied with all jurisdictional prerequisites and conditions prior to the commencement and prosecution of this suit.

**4.2.** Plaintiff Richard Mahaney's Form 95 administratively presented to the United States stated a "sum certain" of ten million dollars ($10,000,000.00). Plaintiff Suzi Mahaney's Form 95 administratively presented to the United States stated a "sum certain" of three million dollars ($3,000,000.00).

## V. FACTS

**5.1.** This is a case for monetary damages sustained by Plaintiffs arising out of the personal injuries to Richard Mahaney as a result of substandard—and therefore negligent—medical care, including but not limited to negligent performance of anterior diskectomy and fusion resulting in permanent neurological damage.

5.2. Before May 13, 2011, Richard Mahaney, age 46, was fully ambulatory, without any issues in his lower limbs. However, he suffered from some weakness and pain in his left upper extremity and some pain in his right upper extremity. An MRI scan of the cervical spine on May 4, 2011, revealed degenerative disk disease at C5-6 and C6-7 with an osteophyte at C5-6 on the right side and an acute disk herniation at C6-7 on the left side. His health care providers advised him to undergo an anterior diskectomy and fusion, which was scheduled for May 13, 2011 at Overton Brooks VA Medical Center.

5.3. The surgery was performed by Justin Haydel, M.D., a resident. Dr. Haydel used a Cloward drill to remove the disk at the C6-7 level, after which it was noted that spinal fluid was drained from the interspace. At that time, Dr. Haydel discovered that he had injured Mr. Mahaney's spinal cord.

5.4. When he awoke from surgery, Mr. Mahaney had paralysis of his lower extremities and partial paralysis of his upper extremities. Despite all attempts to rehabilitate his spinal cord, Mr. Mahaney's injuries are permanent. He is wheelchair-bound and requires a high level of assistance with activities of daily living.

## VI. CAUSE OF ACTION

6.1. The Defendant, the United States of America, was negligent in one or more of the following respects:

1. In failing to properly treat Richard Mahaney;
2. In failing to properly care for Richard Mahaney;
3. In failing to properly perform surgery on Richard Mahaney; and

5

    4.     By traumatically injuring the spinal cord of Richard Mahaney.

**6.2.** At all material times, the employees, agents, or representatives of the United States of America were negligent and caused the injuries sustained by the Plaintiffs.

## VII. DAMAGES

**7.1.** As a proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries, which would not have otherwise occurred. Plaintiff Richard Mahaney pleads for all damages available under Louisiana state law, federal law, and equity including, but not limited to:

    1.     Past and future medical expenses;

    2.     Past and future lost earnings or income;

    3.     Past and future physical pain and suffering;

    4.     Past and future mental pain and suffering;

    5.     Past and future disability;

    6.     Past and future disfigurement;

    7.     Past and future loss of enjoyment of life; and

    8.     Other pecuniary expenses.

**7.2.** As a proximate result of the Defendant's negligent acts or omissions, Plaintiff Suzi Mahaney individually suffered injuries, which would not have otherwise occurred. She pleads for all damages available under Louisiana state law, federal law and equity, including, but not limited to:

1.  Past and future reasonable value of the loss of consortium with her husband, Richard Mahaney;

2.  Out-of-pocket expenses; and

3.  Other pecuniary damages.

## VIII. CONCLUSION

Plaintiffs request that Defendant be cited to appear and answer herein: that upon final trial and hearing, the Plaintiffs have a judgment against the Defendant, for the amount of their damages; and for such other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled to and to which the Court believes them deserving.

Respectfully Submitted,

THE DUNAHOE LAW FIRM
402 2nd Street
Natchitoches, LA 71457
Tel: 318-352-1999
Fax: 318-352-5222

By: _____
EDWIN DUNAHOE
Louisiana State Bar No. 5164
edwin@dunahoelaw.com

    Eugene W. Brees, II        *Pro Hac Vice Pending*
    Texas State Bar No. 02947500
    cbrees@NationalTrialLaw.com
    Michelle M. Cheng        *Pro Hac Vice Pending*
    Texas State Bar No. 00796345
    mcheng@NationalTrialLaw.com
    WHITEHURST, HARKNESS, BREES, CHENG,
    ALSAFFAR & HIGGINBOTHAM, PLLC
    7500 Rialto Blvd, Bldg 2, Ste 250
    Austin, Texas 78735
    Tel.    512-476-4346
    Fax    512-476-4400

    David C. Gibbs III        *Pro Hac Vice Pending*
    Texas State Bar No. 24026685
    dgibbs@gibbsfirm.com
    GIBBS LAW FIRM
    2548 FM 407, Ste 240
    Bartonville, TX 76226
    Tel. 727-362-3700
    Fax 727-398-3907

    ATTORNEYS FOR THE PLAINTIFFS