UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| Richard Mahaney and | § | Civil Action No. 5:15-Cv-02710 |
| Suzi Mahaney | § | |
| | § | |
| v. | § | Judge Foote |
| | § | |
| United States of America | § | Magistrate Judge Hayes |

**PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT**

1

**TABLE OF CONTENTS**

TABLE OF CONTENTS…….………………………………………………………………………..2

TABLE OF AUTHORITIES…………………………………………………………..……………...3

RESPONSE MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT……………………………………………………………………………………………4

I.       Introduction……………………………………………………………………...……4

II.      Exhibits……………………………………….....…………………………………....6

III.     Factual Background………………………..…………………..………….............6

IV.     Argument and Authorities…………………………..………………………....…9

        A.     Standard of Review…………………………………………………………...........9

        B.     This Case Does Not Concern Dr. Smith's Conduct……………………….....…9

        C.     Dr. Haydel's Negligence Caused the Spinal Cord Surgery……………….....…9

        D.     Imposing Liability for Dr. Haydel's Conduct Upon Dr. Smith is Inappropriate Under These Facts…………………………………………………………….…..11

V.       Conclusion……………………………………………………………………13

## **TABLE OF AUTHORITIES**

**CASES**

*Felice v. Valleylab, Inc.,* 520 So. 2d 920, 923 (La. 3 Cir. 1987)……………………………….12

*Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 533 (5th Cir. 1996)……………9

*Parmelee v. Kline,* 579 So. 2d 1008 (La. App. 5 Cir. 1991)……………………………….11, 12

*Prosise v. Foster,* 261 Va. 417, 424 (2001)…………………………………………………….12

*Scott v. Harris,* 550 U.S. 372, 378-80 (2007)…………………………………………………..9

*Tolan v. Cotton,* 134 S.Ct. 1861, 1866 (2014)…………………………………………………9

*Traster v. Steinreich,* 37 Ohio App.3d 99 (1987)…………………………………….....…12

**STATUTES**

FED. R. CIV. P. 56(a)……………………………………………………………………………9

**OTHER AUTHORITIES**

61 Am. Jur. 2d (1981) 439 Physicians, Surgeons, and other Healers, Section 289……………12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| Richard Mahaney and § | Civil Action No. 5:15-Cv-02710 |
| Suzi Mahaney § | |
| § | |
| v. § | Judge Foote |
| § | |
| United States of America § | Magistrate Judge Hayes |

**PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT**

Plaintiffs Richard Mahaney and Suzi Mahaney file this response to Defendant's Motion for Summary Judgment ("MSJ").

**I.     Introduction**

The MSJ is a blatant attempt by the USA to avoid liability for what it cavalierly calls "the unfortunate outcome that Mr. Mahaney suffered." (*See* MSJ Memorandum at 1.) The USA claims that Dr. Donald Smith – a staff neurosurgeon who was not even in the operating room ("OR") during the relevant part of Mr. Mahaney's surgery – is the only person responsible for Mr. Mahaney's severe and permanent spinal cord injury and the catastrophic damages resulting from that injury. However, the MSJ mis-states the extent of independent culpability of Dr. Justin Haydel, the neurosurgery resident who was alone in the OR and who performed the portion of the surgery at issue. Further, the MSJ conveniently fails to mention that in August 2013, the USA expressly admitted that Mr. Mahaney's spinal cord injury was caused by carelessness and negligence **on the part of the VA.**

The MSJ is based entirely on several premises:

- That Dr. Justin Haydel – the third year neurosurgery resident who performed the anterior cervical discectomy and fusion (ACDF) surgery on Mr. Mahaney – did not exercise "any independent judgment or actions…causing plaintiffs' injury." (*See* MSJ at 14, 18.)

- That "the only medical judgment at issue in this case is that of Dr. [Donald] Smith," the staff neurosurgeon/independent contractor who was not even in the OR at the time of the injury. (*See* MSJ at 14.)

- That "the cause of the spinal cord injury is purely speculative," with "no mishap or error by Dr. Haydel for plaintiffs to point to as the cause." (*See* MSJ at 11.)

As will be shown below, each of these premises is erroneous. Not only are there genuine issues of material fact precluding summary judgment, the overwhelming evidence points to causative negligence by Dr. Haydel and Dr. Haydel alone.[1]

The USA's claim that there was no conduct for which it may be reliable is absolutely belied by the VA's C&P (Compensation and Pension) examination note dated August 14, 2013. (*See* Ex. 1.) The VA examiner concluded that Mr. Mahaney's tetraplegia occurred as the result of "*carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault on the part of the VA in furnishing the…surgical treatment*." (Emphasis added.) Note that the VA (*i.e.*, the USA) concluded that the tetraplegia was caused by carelessness, negligence, etc. **on the part of the VA (*i.e.*, the USA).** The USA did not say that the carelessness, negligence, etc. was by Dr. Smith (the independent contractor). Instead, the USA clearly said that its own carelessness, negligence, etc. was the cause – and the only possible USA agent committing that

---

[1] The USA does not dispute that it is liable for any negligence on Dr. Haydel's part; rather, it contends that the only relevant negligence in this case is Dr. Smith's.

5

carelessness, negligence, etc. was Dr. Haydel. This admission by the USA, standing alone, not only is sufficient to defeat the MSJ – it conclusively establishes the USA's liability to Plaintiffs.

The C&P opinion is as follows:

```
OPINIONS:
#1) The veteran's current SPINE CONDITION - ASIA C TETRAPLEGIA, RESIDUAL
TO INTRAOPERATIVE SCI, S/P  ANTERIOR CERVICAL DISCECTOMY WITH FUSION - is
MOST LIKLEY the result of the DISKECTOMY PERFORMED AT THE SHREVEPORT VA
Medical Center.

#2) SUCH additional disability sustained as a result of VAMC treatment -
DISKECTOMY PERFORMED AT THE SHREVEPORT VA Medical Center - - WAS AT LEAST
AS LIKLEY AS NOT - the result of carelessness, negligence, lack of proper
skill, error in judgment, or similar instance of fault on the part of VA
in furnishing the hospital care, medical or surgical treatment, or
examination.

RATIONALE: DURA TEAR AND SPINAL CORD CONTUSION OCCURRED DURING THE 5/2011
SURGICAL PROCEDURE, AT THE LOCATION OF THE SURGICAL PROCEDURE. SUCH SPINAL
CORD TRAUMA IS NOT THE INTENT OF THE SURGICAL PROCEDURE - ITS OCCURRENCE
INDICATES SOME DEGREE OF CARELESSNESS, LACK OF SKILL, ERROR IN JUDGEMENT
OR SIMILAR FAULT ON THE PART OF THE VA IN FURNISHING THE SURGICAL
TREATMENT. THE INTRAOPERATIVE SPINAL CORD CONTUSION/INJURY IS THE DIRECT
CAUSAL FACTOR FOR THE VETERAN'S - ASIA C TETRAPLEGIA, RESIDUAL TO
INTRAOPERATIVE SCI, S/P  ANTERIOR CERVICAL DISCECTOMY WITH FUSION - WITH
RESIDUALS OF EXTREMITY WEAKNESS, SENSORY DEFICITS, NEUROGENIC BOWEL &
BLADDER, RECURRENT UTI AND ED.
```

## II. Exhibits

Plaintiffs offer the following exhibits in support of their opposition to the MSJ:

Ex 1.  C&P examination note dated August 14, 2013;
Ex 2.  Operative report dated May 13, 2011;
Ex 3.  Deposition transcript excerpts – Dr. Justin Haydel;
Ex 4.  Letter report – Dr. Daniel Peterson;
Ex 5.  Adverse event note dated May 18, 2011.

## III. Factual Background

The relevant facts are set forth below and in the separately filed Statement of Disputed Facts.

On May 13, 2011, Richard Mahaney underwent an anterior cervical discectomy and fusion (ACDF) surgery at the Shreveport VA. The surgery was performed at the C5-7 levels. (*See* Ex. 2, Operative report.) The relevant portion of the surgery (discussed below) was performed by Dr. Justin Haydel, a third-year neurosurgery resident. The staff neurosurgeon was Dr. Donald Smith. (*See* Ex. 2.) Dr. Smith was not in the OR during the relevant part of the surgery. (*See* Ex. 3 at 11, 22-26.)

The ACDF surgery was performed using the Cloward drill technique. Basically, the surgery involved (i) dissecting osteophytes (bone spurs) and disc material at the C5-6 and C6-7 levels, (ii) followed by use of the Cloward drill to drill out the disc space, (iii) followed by placement of bone grafts and instrumentation to complete the fusion. (*See* Ex. 2.) At the time of Mr. Mahaney's surgery, Dr. Haydel was already experienced in assisting in ACDF surgeries. He had attended 60-80 ACDF surgeries, and had had a hands-on surgical role in 30-40 ACDF surgeries. (*See* Ex. 3 at 14-15.) Concerning his hands-on experience, he had personally performed the portions of the surgery up through and including use of the Cloward drill, alone in the OR, on at least 20 prior occasions. (*See* Ex. 3 at 16-17, 34.) He had never had a mishap (such as spinal cord injury) with any of these previous surgeries. (*See* Ex. 3 at 32.)

Given Dr. Haydel's experience, at the time of Mr. Mahaney's surgery Dr. Smith's protocol was to have Dr. Haydel perform the ACDF surgery up through and including use of the Cloward drill, without Dr. Smith being in the OR. Dr. Smith would come into the OR after the Cloward drill had been used, to complete the fusion. (*See* Ex. 3 at 26-27.)

When the Cloward drill is used, the standard of care requires the neurosurgeon to completely remove the disc material before using the drill, to obviate the risk of disc material being pushed back into the spinal canal by the drill. (*See* Ex. 4, Peterson report at 3.) Thus, the

7

surgeon operating the Cloward drill must make a decision that enough disc material has been removed before using the drill.

Dr. Haydel performed the Cloward drill surgery at the C5-6 level, without mishap. (*See* Ex. 3 at 29.) At the C6-7 level he removed osteophytes and dissected disc material using a disc blade and then he used the Cloward drill to drill out the C6-7 disc space. (*See* Ex. 2; Ex. 3 at 24-26.) After using the drill, he noticed an apparent leak of cerebrospinal fluid. (*See* Ex. 3 at 29.) Dr. Smith came to the OR, and they confirmed that the dura surrounding the spinal cord had a circular, jagged tear, and the cord had been contused. (*See* Ex. 3 at 39-40, 52, 54, 58.) Their conclusion was that the Cloward drill had pushed remaining disc material and bone back into the spinal cord, causing the contusion. (*See* Ex. 3 at 44-45.)

Mr. Mahaney suffered a severe spinal cord injury called tetraplegia. His injury is permanent. (*See* Ex. 1, C&P examination note at 5.)

On May 18, 2011, representatives of the VA (including the chief of staff, Dr. Virginia Short) met with Plaintiffs for an "adverse event" meeting. Plaintiffs were given information about filing a claim against the USA – an obvious recognition of the USA's liability for the adverse event. (*See* Ex. 5, Adverse event note.)

On August 14, 2013, the VA conducted a C&P (Compensation and Pension) examination of Mr. Mahaney. The VA concluded that Mr. Mahaney's spinal cord injury was caused by the "carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault **on the part of the VA**." (Ex. 1 at 16.) (Emphasis added.) The only conceivable VA (USA) agent whose conduct is implicated by this statement is Dr. Haydel.

## IV.     Argument and Authorities

### A.     Standard of review

In order for Defendant to prevail on its Motion for Summary Judgment, it must prove that there is no genuine dispute of material fact.[2] FED. R. CIV. P. 56(a).  In examining the record, the Court must make reasonable inferences about the facts in favor of the non-movant. *Tolan v. Cotton,* 134 S.Ct. 1861, 1866 (2014); *Scott v. Harris,* 550 U.S. 372, 378-80 (2007).  A genuine dispute exists when a reasonable fact finder could resolve the disputed fact in favor of, or in the manner described by, the nonmovant. *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 533 (5th Cir. 1996).

### B.     This Case Does Not Concern Dr. Smith's Conduct

Plaintiffs do not dispute that Dr. Smith was an independent contractor as to the USA, that he trained Dr. Haydel concerning the Cloward drill technique for ACDF surgery, or that he was nominally responsible for supervising Dr. Haydel during Mr. Mahaney's surgery.

However, this case does not concern Dr. Smith's conduct.  It concerns Dr. Haydel's conduct, and specifically his failure to remove the C6-7 disc material adequately before using the Cloward drill.  (*See* Ex. 4 at 3.)

### C.     Dr. Haydel's Negligence Caused the Spinal Cord Injury

Dr. Haydel had dissected disc material and used a Cloward drill at least 20 times during ACDF surgeries – alone in the OR, without Dr. Smith present – without mishap. (*See* Ex. 3 at 16-17, 32, 34.) He obviously knew how to perform this portion of ACDF surgery safely and correctly. Dr. Smith obviously felt comfortable having Dr. Haydel perform this part of ACDF

---

[2] Defendant's MSJ cites the former rule requiring Defendant to prove there is no genuine *issue* of material fact. *See* MSJ at p. 9. FED. R. CIV. P. 56(a) was revised in 2010 to change this language to "genuine dispute."

surgeries alone, without Dr. Smith even being in the OR. During Mr. Mahaney's surgery, Dr. Haydel dissected disc material at C5-6 using the Cloward drill, again without mishap. (*See* Ex. 3 at 29.)

Dr. Haydel then dissected disc material followed by use of the Cloward drill at C6-7 – but this time disc and bone were pushed back into the spinal cord. (*See* Ex. 3 at 44-45.) This had never happened before – because he had always adequately removed disc material before using the Cloward drill.

As Plaintiffs' neurosurgery expert, Dr. Daniel Peterson, states in his report, the standard of care requires a neurosurgeon using a Cloward drill to "completely remove the disc prior to drilling which obviates the risk of driving bone, disc or ligament into the spinal cord." (*See* Ex. 4 at 3.)

Dr. Haydel did not meet this standard of care. Dr. Haydel – and Dr. Haydel alone – decided that he had adequately dissected the C6-7 disc. He had made the correct decision during 20 previous surgeries and at the C5-6 level during this surgery. But he made an incorrect, negligent decision at the C6-7 level.

As noted above, within days of the surgery, representatives of the VA met with Plaintiffs and gave them information concerning filing a claim against the USA. (*See* Ex. 5.) Two years later, in August 2013, the USA conducted a Compensation and Pension examination of Mr. Mahaney. The C&P note absolutely refutes the USA's new position that Dr. Haydel was not independently negligent. The USA concluded that Mr. Mahaney's tetraplegia was caused by the "carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault **on the part of the VA.**" (*See* Ex. 1 at 16.) (Emphasis added.) The key part of this conclusion is "on the part of the VA." Dr. Smith was not "part of the VA." He was an independent contractor

and the USA is not legally responsible for his conduct. Dr. Haydel, however, was "part of the VA," and he was the VA's agent who was performing the ACDF surgery when the injury occurred. This admission of fault by the VA conclusively creates an issue of fact sufficient to defeat the MSJ.

        **D.    Imposing Liability for Dr. Haydel's Conduct Upon Dr. Smith is Inappropriate Under These Facts.**

The cases cited by the USA in support of its Motion do not support the imposition of liability on Dr. Smith for Dr. Haydel's conduct. The USA itself cites language from *Parmelee v. Kline,* 579 So. 2d 1008 (La. App. 5 Cir. 1991) stating that: (1) "Louisiana jurisprudence has not favored the imposition of absolute liability for a surgeon who directs and controls the acts of others absent "immediate supervision and control"; and (2) a supervising physician should not be held absolutely liable for the acts of negligence of a resident absent a finding that "he might have prevented the act which caused the damage, and have not done it." *See* MSJ at p. 14, *citing Parmelee,* 579 So. 2d at 1020. This holding in *Parmelee* begs the question of how Dr. Smith could possibly have had "immediate supervision and control" over Dr. Haydel's failure to adequately remove disc material prior to using the Cloward drill *when Dr. Smith was not even in the OR at the time of the injury*. Similarly, how could Dr. Smith have "prevented the act which caused the damage" – *i.e.,* how could he have prevented Dr. Haydel from using the Cloward drill prior to sufficiently removing the disc material – when he was not present at the time Dr. Haydel was committing this act of negligence? The cases cited by Defendant itself reveal the absurdity of its position and dictate that their MSJ be denied.

As in this case, the attending doctor in *Parmelee* was not present when the resident doctor committed the alleged acts of negligence. The court in *Parmelee* held that the attending doctor

had acted appropriately and refused to hold him liable for the resident's acts under those circumstances. In this case, as in *Parmelee,* there is no basis for holding Dr. Smith liable for Dr. Haydel's actions. It was Dr. Haydel who was performing the portion of the surgery during which Mr. Mahaney was injured, using his own independent judgment as to when sufficient disc material had been removed and without the "immediate supervision and control" of Dr. Smith. Dr. Haydel is a licensed physician, not a robot. The responsibility for Mr. Mahaney's injuries lies with Dr. Haydel, not Dr. Smith.

Similarly, in *Felice v. Valleylab, Inc.,* 520 So. 2d 920, 923 (La. 3 Cir. 1987), also cited by Defendant, the court of appeals held that a surgical resident, Dr. Cynthia Glass, was liable for her own negligent acts during a surgery where no attending doctor was present. The court further clarified that Dr. Glass was a "specialist" in general surgery under Louisiana law, despite the fact that she was a third year resident. *Felice,* 520 So. 2d at 928. Like Dr. Glass, Dr. Haydel was not just a full-fledged physician, but a specialist in surgery. There is simply no support in the cases cited by Defendant for allowing it to escape liability for the negligence of Dr. Haydel.

The "national perspective" cited by Defendant is clear: "A physician generally is not held liable for the acts or omissions of a hospital resident unless he is able to control the acts of that individual." 61 Am. Jur. 2d (1981) 439 Physicians, Surgeons, and other Healers, Section 289; s*ee also Traster v. Steinreich,* 37 Ohio App.3d 99 (1987) (despite fact that attending doctor acknowledged that he supervised the resident's care of the decedent, attending doctor was not present at time of alleged negligence, creating fact issue for jury regarding his negligence); *Prosise v. Foster,* 261 Va. 417, 424 (2001) ("on call" attending physician not liable for negligence of residents under her supervision during her absence; no physician-patient

relationship existed). Dr. Smith simply could not have controlled Dr. Haydel's actions in the operating room when Dr. Smith was not there. Defendant's MSJ must be denied.

**V.     Conclusion**

It is undisputed that the USA is responsible for the negligent conduct of Dr. Haydel. It is also undisputed that the USA admitted that Mr. Mahaney's spinal cord injury was caused by the negligence **of the VA,** *i.e.,* **of Dr. Haydel.** This admission alone is sufficient to defeat the MSJ. Plaintiffs, however, have brought forward additional evidence of Dr. Haydel's independent negligence that further creates a fact issue as to the USA's liability to Plaintiffs. For all of these reasons, the MSJ must be denied.

    Respectfully Submitted,

By: */s/ Eugene Brees*
    Eugene W. Brees, II ***Pro Hac Vice***
    Texas State Bar No. 02947500
    cbrees@NationalTrialLaw.com
    Michelle M. Cheng ***Pro Hac Vice***
    Texas State Bar No. 00796345
    mcheng@NationalTrialLaw.com
    WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR & HIGGINBOTHAM, PLLC
    7500 Rialto Blvd, Bldg 2, Ste 250
    Austin, Texas 78735
    Tel.   512-476-4346
    Fax   512-476-4400

By: */s/ Edwin Dunahoe*
    EDWIN DUNAHOE
    Louisiana State Bar No. 5164
    edwin@dunahoelaw.com
    THE DUNAHOE LAW FIRM
    402 2nd Street
    Natchitoches, LA 71457
    Tel: 318-352-1999
    Fax: 318-352-5222

David C. Gibbs III *Pro Hac Vice*
Texas State Bar No. 24026685
dgibbs@gibbsfirm.com
GIBBS LAW FIRM
2548 FM 407, Ste 240
Bartonville, TX 76226
Tel. 727-362-3700
Fax 727-398-3907

ATTORNEYS FOR THE PLAINTIFFS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| Richard Mahaney and § | Civil Action No. 5:15-Cv-02710 |
| Suzi Mahaney § | |
| § | |
| v. § | Judge Foote |
| § | |
| United States of America § | Magistrate Judge Hayes |

CERTIFICATE OF SERVICE

    I certify that a copy of this pleading has been sent to the following on December 7, 2016

    via email:

Jennifer B. Frederick
Assistant US Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Tel:    337-262-6618
Fax:    337-262-6693
Jennifer.frederick@usdoj.gov

Andolyn R. Johnson
Assistant US Attorney
300 Fannin Street, Ste 3201
Shreveport, LA 71101
Tel:    318-676-3610
Fax:    318-676-3642
Andolyn.johnson@usdoj.gov


                                                    */s/ Eugene Brees*
                                                    Eugene W. Brees
                                                    Attorney for Plaintiffs