UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| Richard Mahaney and § | Civil Action No. 5:15-Cv-02710 |
| Suzi Mahaney § | |
| § | |
| v. § | Judge Foote |
| § | |
| United States of America § | Magistrate Judge Hayes |

**PLAINTIFFS' SURREPLY OPPOSING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs file this Surreply in Opposition to Defendant's Motion for Summary Judgment.

### ARGUMENT & AUTHORITIES

**A.  The C&P examination finding of negligence should be considered by the Court as creating a fact issue concerning negligence.**

The thrust of the USA's Reply is that the USA's admission of negligence in the C&P examination report is inadmissible in this civil FTCA case.  While Plaintiffs recognize that various courts have held that a C&P examination finding of negligence is not *dispositive* of the issue of negligence in an FTCA case, none of the cases cited by Defendant hold that the conclusion in a C&P examination is not *admissible*.  See *Littlejohn v. U.S.*, 321 F.3d 915 (9th Cir. 2003); *Butler v. U.S.*, 702 F.3d 749 (4th Cir. 2012); *Sweet v. U.S.*, 687 F.2d 246 (8th Cir. 1982); *Faughan v. Big Apple Car Service*, 828 F.Supp. 155 (E.D. N.Y. 1993).

For example, in *Littlejohn*, the plaintiff argued that he was entitled to summary judgment or a directed verdict on his FTCA claims based solely on his §1151 benefits determination; in other words, that the district court was estopped under the claim preclusion or issue preclusion doctrines from assessing the liability of the United States in the FTCA case because its decision to provide §1151 benefits was determinative. *Littlejohn*, 321 F.3d at 919.  Similarly, in *Butler*, the plaintiff moved for judgment on the pleadings based solely on the government's §1151

benefits determination, despite the fact that she *did not have any experts to prove her medical malpractice claim*. *Butler*, 702 F.3d at 751.  And in *Sweet* and *Faughan*, the plaintiffs likewise argued that their §1151 benefits determinations supplanted their burden of proof in their FTCA cases.  *Sweet*, 687 F.2d at 248-49; *Faughan*, 828 F. Supp. at 164.  In this case, however, Plaintiffs do not contend that the finding of negligence by the C&P examiner is dispositive; rather, Plaintiffs contend that the finding by the examiner creates a fact issue as to negligence, precluding the grant of Defendant's summary judgment.

In considering Defendant's MSJ, the court must make reasonable inferences about the facts in favor of the non-movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014); *Scott v. Harris*, 550 U.S. 372, 378-80 (2007). This is akin to the standard of review for a C&P examination, where "all reasonable doubt is resolved in favor of the claimant." (Defendant's Reply at 3).  If the C&P examiner found negligence on the VA's part using a similar standard of review, certainly that information can and should be considered by the Court in determining whether summary judgment is appropriate.

**B.     The C&P examination finding should be considered by the Court as creating a fact issue that Dr. Haydel (and vicariously the USA) is the responsible party for Mr. Mahaney's injury.**

Even if the Court does not consider the C&P examination finding of negligence, the Court should consider the examiner's finding that any fault lies with the VA and not with Dr. Donald Smith.

The USA continues to take the position that its independent contractor staff neurosurgeon, Dr. Donald Smith, is the only responsible party for Plaintiffs to sue – even though Dr. Smith was nowhere near the OR and was not operating the Cloward drill when Mr.

Mahaney's spinal cord was permanently injured by Dr. Haydel.  Given that defense, a finding by the VA that Mr. Mahaney's injury was caused by "some degree of carelessness, lack of skill, error in judgment or similar fault **on the part of the VA** in furnishing the surgical treatment" is important evidence for the Court to consider.  *See* C&P Conclusion, Ex. 1 to Plaintiff's Response (Document 30).  Dr. Smith was not "part of the VA."  In fact, the USA emphatically says he was independent of the VA.  The only person who was "part of the VA" and who could have been negligent was Dr. Haydel.[1]

The USA claims that the C&P examiner, Sharon Coleman, was just a nurse practitioner and thus is not qualified to opine as to negligence or causation.  However, the determination of the status of a negligent tortfeasor as being "part of the VA" does not require a M.D. degree.  The USA does not deny that Ms. Coleman was qualified to make that determination.[2]

In their initial Response (Document 30, at 11), Plaintiffs distinguished the cases cited by the USA concerning Dr. Smith's supposed liability.  As noted in the Response, the cases cited by the USA in support of the MSJ simply do not support the imposition of liability on Dr. Smith for Dr. Haydel's conduct.  In its Reply, the USA makes no attempt to resurrect those cases.

---

[1] In addition, Defendant's insinuation that Mr. Mahaney's benefits determination might have been based on the fact that it was "an event not reasonably foreseeable" (see Reply at p. 3) is inapposite. Nurse Coleman's C&P conclusion specifically chose language tying the benefits determination to "carelessness, lack of skill, error in judgment, or similar fault on the part of the VA" in rendering her benefits determination. She did not choose the language tying Mr. Mahaney's benefits to "an event not reasonably foreseeable." *Id*.

[2] In that regard, an "adverse event" meeting was held with Plaintiffs several days after the surgery. The VA's chief of staff, Dr. Virginia Short, attended that meeting. Plaintiffs were given information about filing a tort (*i.e.*, a FTCA) claim. According to the adverse event note concerning that meeting, neither Dr. Short (a M.D.) nor the other VA representatives told Plaintiffs that Dr. Haydel was not the appropriate person to sue or that the VA would deny liability. (*See* Ex. 5 to Plaintiffs' Response.)

**C. Even if the C&P examination finding of negligence on the part of the VA is completely disregarded, the summary judgment evidence still creates a fact issue.**

When the USA states that Plaintiffs' Response to the MSJ "cites no admissible evidence of record to overcome summary judgment" (Reply at 1), the USA conveniently overlooks the report of Dr. Daniel Peterson (attached as Exhibit J to the MSJ and Exhibit 3 to Plaintiffs' Response). Dr. Peterson's opinion – which is definitely admissible – creates a fact issue as to negligence by Dr. Haydel.

No matter how hard the USA tries to avoid it, the following facts remain:

- Dr. Haydel had performed this same cervical ACDF surgery using a Cloward drill, alone in the OR, on at least twenty prior occasions, all without mishap. (*See* Ex. 3 to Response at 16-17, 32, 34.) He knew how to perform the procedure safely and properly.

- The standard of care requires disc material to be completely removed before using the Cloward drill, to obviate the risk of pushing the disc material into the spinal cord. (*See* Ex. 4 to Response, at 3.)

- Dr. Haydel failed to comply with this standard of care. Dr. Haydel did not remove all of the disc material at C6-7 before using the Cloward drill, and as a result disc material was pushed back into the spinal cord, resulting in Mr. Mahaney's injury. (*See* Ex. 3 to Response at 24-26, 29, 39-40, 44-45, 52, 54, 58.)

- The VA, acting through its chief of staff, met with Plaintiffs and gave them information about filing a tort claim against the VA – not against Dr. Smith. (*See* Ex. 5 to Response.*)* This was a tacit admission that if a tort was committed, the VA would be liable for the injury – and the VA would only be liable if Dr. Haydel was the responsible party.

**D.    Conclusion**

Under the standard of review that the Court must use when considering the summary judgment evidence, the evidence unquestionably creates a fact issue concerning Dr. Haydel's negligence and causation of Mr. Mahaney's devastating injury. The USA admits that is vicariously liable for Dr. Haydel's conduct. Thus, the MSJ must be denied.

Respectfully Submitted,

By: /s/ *Eugene Brees*
Eugene W. Brees, II ***Pro Hac Vice***
Texas State Bar No. 02947500
cbrees@NationalTrialLaw.com
Michelle M. Cheng ***Pro Hac Vice***
Texas State Bar No. 00796345
mcheng@NationalTrialLaw.com
WHITEHURST, HARKNESS, BREES, CHENG,
ALSAFFAR & HIGGINBOTHAM, PLLC
7500 Rialto Blvd, Bldg 2, Ste 250
Austin, Texas 78735
Tel.    512-476-4346
Fax    512-476-4400

By: /s/ *Edwin Dunahoe*
EDWIN DUNAHOE
Louisiana State Bar No. 5164
edwin@dunahoelaw.com
THE DUNAHOE LAW FIRM
402 2nd Street
Natchitoches, LA 71457
Tel: 318-352-1999
Fax: 318-352-5222

David C. Gibbs III ***Pro Hac Vice***
Texas State Bar No. 24026685
dgibbs@gibbsfirm.com
GIBBS LAW FIRM
2548 FM 407, Ste 240
Bartonville, TX 76226
Tel. 727-362-3700
Fax 727-398-3907

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| Richard Mahaney and Suzi Mahaney | § § § | Civil Action No. 5:15-Cv-02710 |
| v. | § § § | Judge Foote |
| United States of America | § | Magistrate Judge Hayes |

### CERTIFICATE OF SERVICE

I certify that a copy of this pleading has been sent to the following on December 21st 2016 via email:

Jennifer B. Frederick
Assistant US Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Tel:    337-262-6618
Fax:    337-262-6693
Jennifer.frederick@usdoj.gov

Andolyn R. Johnson
Assistant US Attorney
300 Fannin Street, Ste 3201
Shreveport, LA 71101
Tel:    318-676-3610
Fax:    318-676-3642
Andolyn.johnson@usdoj.gov

　　　　　　　　　　　　　　　　　　　/s/ *Eugene Brees*
　　　　　　　　　　　　　　　　　　　Eugene W. Brees
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs